IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 04-cv-01752-WYD

SYLVESTER DAVIS,

    Applicant,

v.

BRENT CROUSE, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

## ORDER DENYING 28 U.S.C. § 2254 APPLICATION

---

    Applicant Sylvester Davis is a prisoner in the custody of the Colorado Department of Corrections at the Sterling, Colorado, correctional facility. Mr. Davis has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1994 & Supp. 2005) challenging his Colorado state conviction and sentence. In an order filed on October 18, 2004, I directed the respondents to file an answer to the habeas corpus application. On November 16, 2004, the respondents filed their answer. On December 13, 2004, Mr. Davis filed a response to the respondents' answer. On November 22, 2005, Mr. Davis filed a letter asking to strike his unexhausted third claim, to allow him to proceed with his first and second claims, and to allow him to resubmit his third claim after exhaustion.

    I must construe liberally the application, the response to the respondents' answer, and the request to strike the unexhausted third claim because Mr. Davis is

representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. After reviewing the entire file, I find that an evidentiary hearing is not necessary. For the reasons stated below, the November 22, 2005, request to strike the unexhausted third claim will be denied as moot. Also for the reasons stated below, the habeas corpus application will be denied.

### I. Factual and Procedural Background

Mr. Davis was charged in Denver District Court in case nos. 97CR2453, 97CR2455, 97CR2456, 97CR2457, and 97CR2458 with committing five Denver robberies, each committed at gunpoint at 7-Eleven convenience stores between May 10 and 23, 1997. In each robbery, the suspect wore a mask over his face, produced a gun, and demanded a $500 money order. A jury in the Denver cases, which were consolidated for trial, convicted Mr. Davis on all charged counts of aggravated robbery. On February 27, 1998, he received an aggregated sentence of thirty years of imprisonment. The convictions were affirmed on direct appeal. *See People v. Davis*, No 98CA0904 (Colo. Ct. App. Apr. 20, 2000) (not selected for publication). The Colorado Supreme Court denied certiorari review.

In August 2000, Mr. Davis filed *pro se* a motion for a new trial, alleging that he was denied a fair appeal because his trial attorney did not turn over all the documents in his file to his appellate attorney and because the appellate attorney did not raise ineffective assistance of counsel. In September 2000, the trial court denied the motion. Mr. Davis appealed.

On October 31, 2000, while the appeal was pending, Mr. Davis filed a "Motion for Leave to Amend Original Post Conviction Relief 35© Motion" alleging newly discovered evidence. On November 21, 2000, he dismissed his pending appeal.

In March 2001, Mr. Davis filed *pro se* a motion for postconviction relief, alleging ineffective assistance of counsel. He subsequently amended the motion to allege that he should have been given a new trial based on newly discovered evidence. Two different postconviction attorneys were appointed for Mr. Davis. Ultimately, he waived postconviction counsel. On September 9 and 10, 2002, the trial court held an evidentiary hearing on the postconviction motion. Mr. Davis presented testimony from two police officers and his former trial attorney, Stephen Flavin, and played a surveillance videotape, which he contends constituted newly discovered evidence. The court denied the motion.

The Colorado Court of Appeals affirmed the trial court's order denying postconviction relief. *See People v. Davis*, No. 02CA1170 (Colo. Ct. App. Jan. 29, 2004) (not selected for publication). On June 21, 2004, the Colorado Supreme Court denied certiorari review. On August 23, 2004, Mr. Davis initiated the instant action. He asserts three claims, i.e., (1) that his trial attorney rendered ineffective assistance of counsel by withholding evidence (a) of a videotape that would show the eyewitness committed perjury, and (b) of a letter from a person who confessed to the crime; (2) that he should be granted a new trial due to newly discovered evidence; and (3) that the trial court erred by imposing consecutive sentences. Respondents concede that the

3

instant action appears to be filed in a timely manner.  *See* 28 U.S.C. § 2244(d) (Supp. 2005).

## II. Exhaustion of State Remedies

Respondents also concede that Mr. Davis appears to have exhausted claims one and two in his postconviction proceedings.  They contend, however, and Mr. Davis admits, that he has not exhausted claim three.  Mr. Davis has asked me to strike his unexhausted third claim, to allow him to proceed with his first and second claims, and to allow him to resubmit his third claim after exhaustion.  Mr. Davis does not provide any reason for why he failed to exhaust his third claim before seeking federal court intervention.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.  "The exhaustion requirement is not one to be overlooked lightly."  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action

bears the burden of showing that he has exhausted all available state remedies.  **See**

**Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992).

As previously stated, Mr. Davis asserts as his third claim that the trial court erred by imposing consecutive sentences.  Although the third claim was not presented fairly to the Colorado Supreme Court, I may not dismiss that claim for failure to exhaust state remedies if Mr. Davis no longer has an adequate and effective state remedy available to him.  **See Castille**, 489 U.S. at 351.  Respondents maintain that the third claim is procedurally defaulted.  Because Mr. Davis already has appealed directly from his convictions and initiated postconviction proceedings, the claim now would be barred as successive and barred by the three-year Colorado statute of limitations on collateral attacks.  **See** Colo. Rev. Stat. § 16-5-402; **see also People v. Wiedemer**, 852 P.2d 424 (Colo. 1993) (statute of limitations on collateral attacks to felony convictions); **People v. Hubbard**, 184 Colo. 242, 519 P.2d 945, 947 (1974) (successive petition rule).  If an applicant is foreclosed from raising a claim in a state collateral proceeding because he neglected to raise it earlier, he procedurally has defaulted the claim, absent a showing of cause and prejudice.  **Klein v. Neal**, 45 F.3d 1395 (10th Cir. 1995) (holding that the Colorado courts' application of Colo. Rev. Stat. § 16-5-402 is an independent and adequate state ground).

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice."  **Jackson v. Shanks**, 143 F.3d 1313, 1317 (10th Cir. 1998).

Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns.  **See Coleman v. Thompson**, 501 U.S. 722, 730 (1991).

If Mr. Davis is foreclosed from raising a claim in a state postconviction proceeding because he neglected to raise it earlier, he may seek review in this Court only if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  **See id.** at 750.  Mr. Davis has failed to do so.  In his response to the respondents' answer, Mr. Davis fails to show cause and prejudice or a fundamental miscarriage of justice for his procedural default of the third claim.  Therefore, I find that the third claim is procedurally barred because Mr. Davis has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice.  The November 22, 2005, request to strike the unexhausted third claim will be denied as moot.  I next will review Mr. Davis's first and second claims.

### III.   Standard of Review

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>    (2)  resulted in a decision that was based on an
>    unreasonable determination of the facts in light of the
>    evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1).  **See Cook v. McKune**, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question pursuant to § 2254(d)(1) is whether Mr. Davis seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final.  **See Williams v. Taylor**, 529 U.S. 362, 390 (2000) (Stevens, J., writing for the Court).  Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision."  **Id.** at 412 (O'Connor, J., writing for the Court).  If a clearly established rule of federal law is implicated, I must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law.  **See id.** at 404-05.

The "contrary to" clause allows a writ of habeas corpus to issue "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently that [the Supreme] Court has on a set of materially indistinguishable facts."  **Id.** at 413.  The "unreasonable application" clause allows a writ of habeas corpus to issue "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  **Id.**  My inquiry pursuant to the "unreasonable application" clause is an objective inquiry.  **See id.** at 409-10.  "[A]

federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather that application must also be unreasonable." *Id.* at 411.

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2).  *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002).  Pursuant to § 2254(e)(1), I must presume that the state court's factual determinations are correct and Mr. Davis bears the burden of rebutting the presumption by clear and convincing evidence.

I "owe deference to the state court's *result*, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999).  Therefore, I "must uphold the state court's summary decision unless [my] independent review of the record and pertinent federal law persuades [me] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 1178.  "[T]his 'independent review' should be distinguished from a full de novo review of the petitioner's claims." *Id.*

Finally, if the state court does not address a claim on the merits, I must review the claim de novo and the deferential standards in 28 U.S.C. § 2254(d) are not applicable.  *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

IV. Discussion

As his first claim, Mr. Davis alleges that his trial attorney rendered ineffective assistance of counsel by withholding evidence (1) of a videotape that would show the eyewitness committed perjury, and (2) of a letter from a person who confessed to the crime. It was clearly established when Mr. Davis was convicted that a defendant has a right to effective assistance of counsel. **See Strickland v. Washington**, 466 U.S. 668 (1984). To establish that counsel was ineffective, Mr. Davis must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice to his defense. **See id.** at 687-88. "Judicial scrutiny of counsel's performance must be highly deferential." **Id.** at 689. There is a "strong presumption" that counsel's performance falls within the range of "reasonable professional assistance." **Id.** It is the defendant's burden to overcome this presumption by showing that the alleged errors were not sound strategy under the circumstances. **See id.** Under the prejudice prong, Mr. Davis must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Id.** at 694. If Mr. Davis fails to satisfy either prong of the **Strickland** test, the ineffective assistance of counsel claim must be dismissed. **See id.** at 697. Finally, ineffective assistance of counsel claims are mixed questions of law and fact. **See id.** at 698.

The Colorado Court of Appeals applied the proper standards from **Strickland** and rejected Mr. Davis's ineffective assistance-of-counsel claim as follows:

9

Defendant contends that his conviction should be overturned because he received ineffective assistance of counsel at trial. We disagree.

. . . .

We . . . reject defendant's contention that counsel erred by failing to (1) impeach a prosecution eyewitness, (2) admit at trial a letter in which another person allegedly confessed and absolved defendant, (2) present testimony by a "video enhancer expert," and (4) request a jury instruction as to defendant's several defense theories or affirmative defenses.

Here, our review is limited because the trial record was not designated as part of the record on appeal. However, the postconviction trial court heard testimony, including that of trial counsel, and considered portions of the transcript presented by the parties. The postconviction trial court concluded that defendant did not show that the outcome of the trial would have been different but for counsel's conduct.

With three possible exceptions, defendant does not suggest how the result of the trial would have differed had trial counsel taken the courses of action defendant now suggests.

First, defendant argues that (1) a surveillance videotape proves the eyewitness could not have been in the position to which she testified at trial, and (2) counsel's stipulation that the eyewitness gave inconsistent accounts to investigators before trial deprived defendant the opportunity to expose her as a perjurer. We reject these arguments.

Both the jury at the original trial and the court at defendant's Crim. P. 35(c) hearing viewed the videotape, and the record supports the trial court's determination that the eyewitness's credibility was a question that the jury considered at trial and resolved against defendant.

Second, defendant was not prejudiced when counsel agreed not to introduce the confession letter. The record

> contains evidence that (1) the authenticity of the letter was attacked at trial, and (2) the court in the original trial ruled that if the letter were admitted to the jury, the jury would be allowed to hear that defendant had threatened the witness on the morning of the trial.  The record supports the trial court's finding that counsel made a tactical decision that testimony of the threats would prejudice defendant beyond any benefit the letter could provide.

*Davis*, No. 02CA1170, slip op. at 6, 10-11.

The state court's determination that Mr. Davis failed to demonstrate any prejudice from counsel's failure to impeach a prosecution eyewitness or admit at trial a letter in which another person allegedly confessed and absolved defendant is not contrary to or an unreasonable application of **Strickland**.  Mr. Davis fails to demonstrate any reasonable probability that the outcome of the trial would have been different but for counsel's conduct.  Therefore, the ineffective-assistance-of-counsel claim lacks merit, and will be dismissed.

As his second claim, Mr. Davis alleges that he should be granted a new trial due to newly discovered evidence.  The state appeals court found that Mr. Davis merely argued that one piece of evidence, the videotape, conflicted with another piece of evidence, the eyewitness's testimony, and that because this evidence already was presented to the jury, it did not qualify as new evidence.

As stated earlier in this order, the threshold question pursuant to 28 U.S.C. § 2254(d)(1) is whether Mr. Davis seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final.  *See* *Williams*, 529 U.S. at 390.  A claim that an applicant is entitled to a new trial based

upon newly discovered evidence is a matter of state law, and does not constitute a federal constitutional issue. ***See Herrera v. Collins***, 506 U.S. 390, 400 (1993) (claims of actual innocence based upon newly discovered evidence are never grounds for federal habeas relief absent an independent constitutional violation). Mr. Davis fails to assert an independent constitutional violation. Therefore, Mr. Davis fails to provide any basis for federal habeas corpus relief as to this claim.

## V. Conclusion

Mr. Davis's November 22, 2005, request to strike the unexhausted third claim will be denied as moot. I find that Mr. Davis's third claim is procedurally defaulted and his first and second claims are without merit. The habeas corpus application will be denied. Accordingly, it is

ORDERED that the November 22, 2005, request to strike the unexhausted third claim is denied as moot. It is

FURTHER ORDERED that the habeas corpus application is denied, and the action is dismissed with prejudice. It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees.

Dated: February 3, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge